**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------x
                                                 :    ECF Case
John T. Metcalf,                                 :
                                                 :    11-cv-03996 (AKH)
                            Plaintiff,           :
                                                 :
                v.                               :
                                                 :
Sophocles N. Zoullas, et al.,                    :
                                                 :
                            Defendants.          :
                                                 :
-------------------------------------------------x
```

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S UNOPPOSED MOTION TO JOIN PARTY PLAINTIFFS

Plaintiff John T. Metcalf, by his attorneys, pursuant to Rules 20 and 21 of the Federal

Rules of Civil Procedure, seeks to join party plaintiffs in this shareholder derivative suit brought

against nominal Defendant Eagle Bulk Shipping Inc. ("Eagle Bulk" or the "Company") and its

directors and officers, Sophocles Zoullas, Alexis Zoullas, Alan Ginsberg, Douglas Haensel, Jon

Tomasson, Joseph Cianciolo, David Hiley, Thomas Winmill, and Forrest Wylie (the "Individual

Defendants," and together with the Company, the "Defendants").  By this Motion, Plaintiff also

seeks leave of Court to file a new Complaint adding the new party plaintiffs and making

necessary associated grammatical changes, without making any changes to the substantive

allegations (the "Modified Complaint"),[1] and further moves to have the Modified Complaint be

---

[1] The Modified Complaint is attached as Exhibit A to the Shahmoon Declaration filed
contemporaneously herewith ("Shahmoon Declaration"), and a black-lined version is filed as Exhibit B to
the Shahmoon Declaration.  At Defendants' request, Plaintiffs have corrected a typographical error in
Paragraph 43 of the Complaint, and Defendants agree that the change is non-substantive and does not
amend the allegations.

treated as the operative complaint for purposes of Defendants' Motion to Dismiss filed with this Court on September 7, 2011.    Defendants have agreed that the Modified Complaint may be treated as the operative complaint for purposes of their Motion to Dismiss.   Furthermore, Defendants have reviewed this Motion to Join Party Plaintiffs and do not oppose it.

## BACKGROUND

The allegations in the Complaint filed on June 13, 2011 are for breach of fiduciary duty and waste for excessive director and officer compensation decisions and for other improper transactions during the period 2008 – 2010.  Defendants filed a motion to dismiss this case on September 7, 2011, in which they argued that Plaintiff's allegations of ownership did not comply adequately with Rule 23.1 of the Federal Rules of Civil Procedure.   Plaintiff shall oppose Defendants' motion to dismiss, and in connection with that Opposition, Plaintiff seeks to avoid ambiguity as to whether his first purchase of Eagle Bulk stock in December 2008 covered all of the transactions at issue in this litigation.  Accordingly, Plaintiff brings this motion to add as party plaintiffs, Manny Doppelt and Lawrence Doppelt ("Additional Plaintiffs"), as trustees of the Frederick Doppelt Trust, which has been an Eagle Bulk shareholder continuously since July 11, 2005.  The Frederick Doppelt Trust is a family trust, and the Additional Plaintiffs possess the customary powers to hold, manage, protect and dispose of the trust's assets.

Attached as Exhibits C and D to the Shahmoon Declaration are verifications of the Modified Complaint by each of the Additional Plaintiffs in accordance with Rule 23.1 of the Federal Rules of Civil Procedure.

Under Rule 20(a), joinder is proper if (1) the parties joined assert a right of relief arising out of the same transactions or occurrences, and (2) there is some question of law or fact common to all the parties. *Kovian v. The Fulton County Nat'l Bank and Trust Co.*, No.86-CV-

154, 1990 WL 36809, at *8 (N.D.N.Y. Mar. 28, 1990); *see also Tirone v. Calderone-Curra Ranches, Inc*., Civ.76-16, 1978 WL 1095, at *1 (W.D.N.Y. June 14, 1978) ("motion to add parties plaintiff is to be treated in a liberal fashion and is addressed to sound discretion of the court"); *id*. (court should consider whether joinder would prejudice defendants and whether it would avoid possibility of multiplicity of lawsuits).  *See also* Fed. R. Civ. P. 21; *Kaminsky v. Abrams*, 41 F.R.D. 168, 170 (S.D.N.Y. 1966) (Rule 21 motion to add parties to be considered by looking to Rule15(a)'s standard that leave to amend shall be "freely given when justice so requires").

Because this case is a shareholder derivative case, the claims are being brought on behalf of nominal Defendant Eagle Bulk.  The Additional Plaintiffs seek the identical relief sought by Plaintiff Metcalf, and the causes of action are identical, relating to breach of fiduciary duties of the Individual Defendants, which arise out of the same occurrences.   Accordingly, joinder is proper.

Furthermore, this action is still in its initial stages.   No answer has been filed and discovery has not yet commenced.  Joining the Additional Plaintiffs as party plaintiffs will not prejudice any party to this action; nor will it cause undue delay in the disposition of this matter. Similarly, Defendants have agreed that the Court may consider the Modified Complaint as the operative one in resolving the issues raised in Defendants' Motion to Dismiss, and thus, for the sake of judicial efficiency and because the Modified Complaint makes no substantive changes to the original Complaint (other than joining new parties), the Court should decide Defendants' Motion to Dismiss by reference to the Modified Complaint with the new party plaintiffs in lieu of the original Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court enter an order to join the Additional Plaintiffs to this action, and grant Plaintiff leave to file the Modified Complaint, attached to the Shahmoon Declaration as Exhibit A, to be operative for purposes of resolving the issues raised in Defendants' Motion to Dismiss.


Dated: October 5, 2011.

Respectfully submitted,

**CHITWOOD HARLEY HARNES LLP**


By: s/ Carol S. Shahmoon
    Carol S. Shahmoon, CS-8607
    cshahmoon@chitwoodlaw.com
    Gregory E. Keller, GK-4562
    gkeller@chitwoodlaw.com
    1350 Broadway, Suite 908
    New York, NY 10018
    Tel:  (917) 595-4600

    *Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing **Memorandum Of Law In Support Of Plaintiff's Unopposed Motion To Join Party Plaintiffs** was filed this 5th day of October, 2011, via this Court's CM/ECF filing system, which gives electronic notice to all parties registered to receive such notice.

<u> s/ Carol S. Shahmoon            </u>
Carol S. Shahmoon, CS-8607
cshahmoon@chitwoodlaw.com
1350 Broadway, Suite 908
New York, NY 10018
Tel:  (917) 595-4600