**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN T. METCALF, and LAWRENCE DOPPELT and MANNY DOPPELT, as Co-Trustees of the Frederick Doppelt Trust, derivatively and on behalf of Eagle Bulk Shipping Inc.,

Plaintiffs,

v.

SOPHOCLES N. ZOULLAS, ALEXIS P. ZOULLAS, DOUGLAS P. HAENSEL, JON TOMASSON, JOSEPH M. CIANCIOLO, DAVID B. HILEY, THOMAS B. WINMILL, FORREST E. WYLIE, ALAN S. GINSBERG,

Defendants,

and
EAGLE BULK SHIPPING INC.,

Nominal Defendant.

ECF CASE

11-cv-03996-AKH

**ANSWER AND JURY DEMAND OF NOMINAL DEFENDANT EAGLE BULK SHIPPING INC. AND DEFENDANTS SOPHOCLES N. ZOULLAS, ALEXIS P. ZOULLAS, AND ALAN S. GINSBERG**

Nominal Defendant Eagle Bulk Shipping Inc. (“Eagle Bulk” or “the Company”) and Defendants Sophocles N. Zoullas, Alexis P. Zoullas, and Alan S. Ginsberg (collectively “Corporate Defendants”), by their undersigned attorneys, hereby answer the Modified Shareholder Derivative Complaint (“Complaint”) filed by plaintiffs John T. Metcalf, Lawrence Doppelt, and Manny Doppelt on October 12, 2011. The Corporate Defendants deny each and every allegation contained in the Complaint except as admitted or otherwise qualified herein.

Answering specifically the allegations contained in the numbered paragraphs of the Complaint:

1. No response is required to the allegations contained in this paragraph, which purport to describe or construe the complaint, which speaks for itself. Corporate Defendants admit that this is a shareholder's derivative action brought against certain current and former members of Eagle Bulk's board of directors and executive officers. Corporate Defendants hereby clarify that the Company is named as a Nominal Defendant only. Corporate Defendants deny the remaining allegations in paragraph 1.

2. Corporate Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 2.

3. Corporate Defendants admit the allegations in paragraph 3.

4. Corporate Defendants admit the allegations in paragraph 4.

5. Corporate Defendants admit the allegations in paragraph 5.

6. Corporate Defendants deny the allegations in the last sentence of paragraph 6. Corporate Defendants admit the remaining allegations in paragraph 6.

7. Corporate Defendants deny the allegations in the last sentence of paragraph 7. Corporate Defendants admit the remaining allegations in paragraph 7.

8. Corporate Defendants admit the allegations in paragraph 8.

9. Corporate Defendants deny the allegations in the last sentence of paragraph 9. Corporate Defendants admit the remaining allegations in paragraph 9.

10. Corporate Defendants deny the allegations in the last sentence of paragraph 10. Corporate Defendants admit the remaining allegations in paragraph 10.

11. Corporate Defendants admit the allegations in paragraph 11.

12. Corporate Defendants admit the allegations in paragraph 12.

13. To the extent paragraph 13 states legal conclusions, no response is required. Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding the residences of Plaintiffs, and deny the remaining allegations in paragraph 13.

14. Paragraph 14 states legal conclusions to which no response is required.

15. Corporate Defendants admit the allegations in paragraph 15.

16. Corporate Defendants deny the allegations in the second sentence of paragraph 16. Corporate Defendants admit the remaining allegations in paragraph 16 and state that the additional eight vessels were delivered in 2011.

17. Corporate Defendants admit the allegations in paragraph 17.

18. Corporate Defendants deny the allegation that technical management is provided by unaffiliated third party technical managers. Corporate Defendants admit the remaining allegations in paragraph 18.

19. Corporate Defendants deny the allegations in the first sentence of paragraph 19. Corporate Defendants admit the remaining allegations in paragraph 19.

20. Corporate Defendants deny the allegation that Sophocles Zoullas "promoted" Alexis Zoullas to the position of President of Eagle Shipping International. Corporate Defendants admit the remaining allegations in paragraph 20.

21. Corporate Defendants admit the allegations in paragraph 21.

22. Corporate Defendants admit the allegations in paragraph 22, except the last sentence, which states a legal conclusion to which no response is required.

23. Corporate Defendants lack knowledge or information sufficient to form a belief as to the allegations that Goldberg, Berney, and Loverro continue to be Mnaaging Directors at Kelso. Corporate Defendants admit the remaining allegations in paragraph 23.

24. Corporate Defendants admit the allegations in paragraph 24.

25. Corporate Defendants admit the allegations in paragraph 25.

26. Corporate Defendants deny the allegations in paragraph 26.

27. Corporate Defendants deny the allegations in paragraph 27.

28. Corporate Defendants deny the allegations in paragraph 28.

29. Corporate Defendants deny the allegations in the last sentence of paragraph 29. Corporate Defendants admit the remaining allegations in paragraph 29.

30. Corporate Defendants admit the allegations in paragraph 30.

31. Corporate Defendants admit the allegations in paragraph 31.

32. Corporate Defendants deny the allegations in paragraph 32 except that no response is required to the allegations in paragraph 32 purporting to describe or construe the terms of the Company's Bylaws, which speak for themselves. Corporate Defendants further deny any allegations in paragraph 32 characterizing Eagle Bulk's Bylaws in a way that is inconsistent with or contrary to the Bylaws as a whole and refer the Court to Eagle Bulk's Bylaws for a complete and accurate statement of their contents.

33. Corporate Defendants deny all of the allegations in paragraph 33, except the second sentence, which states a legal conclusion to which no response is required.

34. The allegations in paragraph 34 merely copy information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves, and therefore no response is

necessary, except that Corporate Defendants deny them to the extent they are incomplete or mischaracterize the documents.

35. Corporate Defendants deny the allegations in the first sentence of paragraph 35. The remaining allegations in paragraph 35 merely copy information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves, and therefore no response is necessary, except that Corporate Defendants deny them to the extent they are incomplete or mischaracterize the documents.

36. Corporate Defendants deny the allegations contained in the first sentence of paragraph 36. The remaining allegations in paragraph 36 merely copy information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves, and therefore no response is necessary, except that Corporate Defendants deny them to the extent they are incomplete or mischaracterize the documents.

37. Corporate Defendants deny the allegations in paragraph 37 except admit that in 2010, Eagle Bulk's board of directors met 20 times; the Audit Committee met 7 times; the Compensation Committee met 24 times; the Conflicts Committee met 2 times; and the Nomination and Governance Committee met 9 times; and in 2006, Eagle Bulk's board of directors met 6 times; the Audit Committee met 5 times; the Compensation Committee met 1 time; the Nomination and Governance Committee met 1 time; and Eagle Bulk did not have a Conflicts Committee at that time.

38. Corporate Defendants deny the allegations in paragraph 38.

39. Corporate Defendants deny the allegations in paragraph 39.

40. Corporate Defendants deny the allegations in paragraph 40 except admit that in 2010, the Compensation Committee met 24 times; in 2009, the Compensation Committee met 40 times; and in 2008, the Compensation Committee met 30 times.

41. Corporate Defendants deny the allegations in paragraph 41.

42. Corporate Defendants admit the allegations in paragraph 42.

43. Corporate Defendants admit the allegations in paragraph 43.

44. Corporate Defendants admit the allegations in paragraph 44.

45. Corporate Defendants deny the allegations in paragraph 45.

46. Corporate Defendants deny the allegations in paragraph 46.

47. Corporate Defendants admit the allegations in paragraph 47.

48. Corporate Defendants admit the allegations in paragraph 48.

49. Corporate Defendants admit the allegations in paragraph 49.

50. Corporate Defendants deny the allegations in paragraph 50 except admit that the Company's Chief Financial Officer, Alan S. Ginsberg, received total compensation of $1,357,400 in 2010; $1,345,200 in 2009; and $1,445,076 in 2008.

51. Corporate Defendants deny the allegations in paragraph 51 except admit that from 2008 through 2010, total executive compensation was approximately $65.8 million; total director compensation was approximately $6.4 million; combined net income was approximately $121.8 million; and that as of December 31, 2010, stockholders' equity was valued at $669 million.

52. Corporate Defendants deny the allegations in paragraph 52.

53. Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Genco. Corporate Defendants otherwise deny the allegations in paragraph 53.

54. Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Genco. Corporate Defendants otherwise deny the allegations in paragraph 54.

55. Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Genco. The remaining allegations in paragraph 55 merely copy information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves, and therefore no response is necessary, except that Corporate Defendants deny them to the extent they are incomplete or mischaracterize the documents.

56. Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Genco. The remaining allegations in paragraph 56 merely copy information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves, and therefore no response is necessary, except that Corporate Defendants deny them to the extent they are incomplete or mischaracterize the documents.

57. No response is required as to the allegations regarding SEC rules, which state legal conclusions. Corporate Defendants deny the remainder of the allegations in paragraph 57.

58. Corporate Defendants deny the allegation in paragraph 58 regarding Eagle Bulk's general and administrative expenses as a percentage of net income. Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning Dryships, Excel, Diana, and Genco.

59. Corporate Defendants deny the allegations in paragraph 59.

60. Corporate Defendants deny the allegations in paragraph 60 except admit that the Compensation Committee engaged Steven Hall & Partners ("Steven Hall") as a compensation consultant. Corporate Defendants lack knowledge or information sufficient to form a belief as to

the truth of Plaintiffs' allegations concerning Genco. To the extent the allegations in paragraph 60 purport to quote information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves, no response is necessary, except that Corporate Defendants deny them to the extent they are incomplete or mischaracterize the documents.

61. Corporate Defendants admit that on June 19, 2008, an Employment Agreement ("2008 Employment Agreement") was executed between Eagle Shipping International and Sophocles Zoullas.

62. Corporate Defendants deny the allegations in paragraph 62.

63. No response is required to the first sentence in paragraph 63 because it purports to describe or construe the terms of the 2008 Employment Agreement, which speaks for itself. Corporate Defendants deny any allegations in paragraph 63 characterizing the 2008 Employment Agreement in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to the 2008 Employment Agreement for a complete and accurate statement of its contents. Corporate Defendants deny the second sentence of paragraph 63.

64. Corporate Defendants deny the allegations in paragraph 64 except state that no response is required to the allegations in paragraph 64 that purport to describe or construe the terms of the 2008 Employment Agreement, which speaks for itself. Corporate Defendants deny any allegations in paragraph 64 characterizing the 2008 Employment Agreement in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to the 2008 Employment Agreement for a complete and accurate statement of its contents.

65. Corporate Defendants deny the allegations in paragraph 65 except state that no response is required to the allegations in paragraph 65 that purport to describe or construe the terms of the 2008 Employment Agreement, which speaks for itself. Corporate Defendants deny

any allegations in paragraph 65 characterizing the 2008 Employment Agreement in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to the 2008 Employment Agreement for a complete and accurate statement of its contents.

66. Corporate Defendants deny the allegations in paragraph 66 except state that no response is required to the allegations in paragraph 66 that purport to describe or construe the terms of the 2008 Employment Agreement, which speaks for itself. Corporate Defendants deny any allegations in paragraph 66 characterizing the 2008 Employment Agreement in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to the 2008 Employment Agreement for a complete and accurate statement of its contents.

67. Corporate Defendants deny the allegations in paragraph 67.

68. Corporate Defendants admit that in May 2008, the Company's stock traded at $36.24, and deny the remaining allegations in paragraph 68.

69. Corporate Defendants deny the allegations in the first and third sentences of paragraph 69 except admit that the "Dry Index" is a peer group consisting of Dryships, Inc. ("Dryships"), Diana Shipping Inc. ("Diana"), Excel Maritime Carriers Ltd. ("Excel"), Navios Maritime Holdings, Inc. ("Navios") and Genco Shipping and Trading Limited ("Genco"). Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Dryships, Excel, Diana, and Genco, third-party foreign-based companies in the dry bulk industry. Corporate Defendants deny the allegations in the second sentence of paragraph 69, except admit that on or about March 4, 2011, Eagle Bulk filed its 2010 Form 10-K. No response is required to the remaining allegations contained in the second sentence because they purport to describe or construe the terms of Eagle Bulk's 2010 Form 10-K submission, which speaks for itself. Corporate Defendants deny any allegations in paragraph 69

characterizing Eagle Bulk's 2010 Form 10-K in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to Eagle Bulk's 2010 Form 10-K for a complete and accurate statement of its contents.

70. Corporate Defendants deny the allegations in paragraph 70 and state that no response is necessary to the allegations in the first sentence of paragraph 70 purporting to quote information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves. Corporate Defendants deny the remaining allegations in paragraph 70 characterizing Eagle Bulk's public filings in a way that is inconsistent with or contrary to the filings taken as a whole.

71. Corporate Defendants deny the allegations in paragraph 71 and state that no response is necessary to the allegations in paragraph 71 purporting to describe or construe the terms of Eagle Bulk's IPO Registration Statement, which in its entirety speaks for itself. Corporate Defendants deny any allegations in paragraph 71 characterizing Eagle Bulk's IPO Registration Statement in a way that is inconsistent with or contrary to the document taken as a whole.

72. Corporate Defendants deny the allegations in paragraph 72 except admit that during the years ending December 31, 2010, 2009, and 2008, net cash provided by operating activities was $94,339,830, $90,524,861, and $109,535,918, respectively.

73. Corporate Defendants deny the allegations in paragraph 73 except admit that on August 4, 2009, the Company entered into a third amendatory agreement to its revolving credit facility which changed certain covenants between the parties.

74. Corporate Defendants deny the allegations in paragraph 74 and state that no response is required to the allegations in paragraph 74 that purport to describe or construe the terms of Eagle Bulk's May 2011 Form 10-Q, which speaks for itself. Corporate Defendants

deny any allegations in paragraph 74 characterizing Eagle Bulk's 10-Q in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to Eagle Bulk's May 2011 Form 10-Q for complete and accurate statements of its contents.

75. Corporate Defendants deny the allegations in paragraph 75.

76. Corporate Defendants deny the allegations in paragraph 76.

77. Corporate Defendants deny the allegations in paragraph 77 and state that Sophocles Zoullas is affiliated with Delphin Shipping LLC ("Delphin"), a Marshall Islands limited liability company, and that he serves as Delphin's non-executive Chairman.

78. Corporate Defendants deny the allegations in paragraph 78 except admit that Sophocles Zoullas serves a Delphin's non-executive Chairman. Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Kelso. To the extent the remaining allegations contained in paragraph 78 purport to characterize or excerpt Eagle Bulk's 2010 Form 10-K, no response is required because that document speaks for itself. Corporate Defendants deny any allegations in paragraph 78 characterizing Eagle Bulk's 2010 Form 10-K in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to Eagle Bulk's 2010 Form 10-K for a complete and accurate statement of its contents.

79. Corporate Defendants deny the allegations in paragraph 79 except admit that on August 4, 2009, the Company entered into a management agreement (the "Management Agreement") with Delphin.

80. Corporate Defendants deny the allegations in paragraph 80.

81. Corporate Defendants deny the allegations in paragraph 81.

82. Corporate Defendants deny the allegations in paragraph 82.

83. Corporate Defendants deny the allegations in paragraph 83.

84. Corporate Defendants deny the allegations in paragraph 84 and state that no response is required to the allegations in paragraph 84 that purport to describe or construe the terms of the 2008 Employment Agreement, which speaks for itself. Corporate Defendants deny any allegations in paragraph 84 characterizing the 2008 Employment Agreement in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to the 2008 Employment Agreement for a complete and accurate statement of its contents.

85. Corporate Defendants deny the allegations in paragraph 85.

86. Corporate Defendants admit the allegations in paragraph 86.

87. Corporate Defendants deny the allegations in paragraph 87.

88. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

89. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

90. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

91. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

92. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

93. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

94. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

95. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

96. Corporate Defendants admit the allegation that Eagle Bulk is incorporated in the Marshall Islands. The remaining allegations in paragraph 96 state legal conclusions to which no response is required.

97. The allegations in paragraph 97 state legal conclusions to which no response is required.

98. The allegations in paragraph 98 state legal conclusions to which no response is required.

99. Corporate Defendants deny the second sentence of paragraph 99. The remaining allegations in paragraph 99 state legal conclusions to which no response is required.

100. No response is required to the allegations in paragraph 100 that purport to describe or construe the terms of the Company's Bylaws, which speak for themselves. Corporate

Defendants deny any allegations in paragraph 100 characterizing the Company's Bylaws in a way that is inconsistent with or contrary to that document taken as a whole, and refer the Court to the Bylaws for a complete and accurate statement of their contents.

101. Corporate Defendants deny the allegations in paragraph 101.

102. Corporate Defendants deny the allegations in paragraph 102 except admit that Plaintiffs have not made any demand on the Eagle Bulk board of directors to institute this action against Defendants.

103. Corporate Defendants deny the allegations in paragraph 103.

104. Corporate Defendants admit the allegations in paragraph 104.

105. Corporate Defendants deny the allegations in paragraph 105.

106. Corporate Defendants admit the allegations in paragraph 106.

107. Corporate Defendants deny the allegations in paragraph 107.

108. Corporate Defendants deny the allegations in paragraph 108.

109. Corporate Defendants deny the allegations in paragraph 109.

110. Corporate Defendants deny the allegations in paragraph 110.

111. Corporate Defendants deny the allegations in paragraph 111.

112. Corporate Defendants deny the allegations in paragraph 112.

113. Corporate Defendants deny the allegations in paragraph 113.

114. Corporate Defendants deny the allegations in paragraph 114.

115. Corporate Defendants deny the allegations in paragraph 115.

116. Corporate Defendants deny the allegations in paragraph 116.

117. Corporate Defendants deny the allegations in paragraph 117.

118. No response is required to paragraphs 118 through 121, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

119. No response is required to paragraphs 118 through 121, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

120. No response is required to paragraphs 118 through 121, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

121. No response is required to paragraphs 118 through 121, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

## FIRST CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY - DIRECTOR COMPENSATION

122. Corporate Defendants repeat all denials, admissions, and statements of insufficient information and knowledge contained in the preceding paragraphs.

123. Corporate Defendants deny the allegations in paragraph 123.

124. Corporate Defendants deny the allegations in paragraph 124 and state that the first sentence of paragraph 124 states a legal conclusion to which no response is required.

125. Corporate Defendants deny the allegations in paragraph 125.

126. Corporate Defendants deny the allegations in paragraph 126.

## SECOND CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY - OFFICER COMPENSATION

127. Corporate Defendants repeat all denials, admissions, and statements of insufficient information and knowledge contained in the preceding paragraphs.

128. Corporate Defendants deny the allegations in paragraph 128.

129. Corporate Defendants deny the allegations in paragraph 129.

130. Corporate Defendants deny the allegations in paragraph 130 and state that the first sentence of paragraph 130 states a legal conclusion to which no response is required.

131. Corporate Defendants deny the allegations in paragraph 131.

132. Corporate Defendants deny the allegations in paragraph 132.

133. Corporate Defendants deny the allegations in paragraph 133.

**THIRD CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY - DELPHIN**

134. Corporate Defendants repeat all denials, admissions, and statements of insufficient information and knowledge contained in the preceding paragraphs.

135. Corporate Defendants deny the allegations in paragraph 135.

136. Corporate Defendants deny the allegations in paragraph 136.

137. Corporate Defendants deny the allegations in paragraph 137.

138. Corporate Defendants deny the allegations in paragraph 138.

139. Corporate Defendants deny the allegations in paragraph 139.

**FOURTH CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY—MEETING ADJOURNMENT**

140. No response is required to paragraphs 140 through 144, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

141. No response is required to paragraphs 140 through 144, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

142. No response is required to paragraphs 140 through 144, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

143. No response is required to paragraphs 140 through 144, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

144. No response is required to paragraphs 140 through 144, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

## JURY DEMAND

145. Corporate Defendants demand a jury trial of all issues triable by jury under applicable law.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

146. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

147. The Complaint fails to state a claim or is barred because Plaintiffs failed to exhaust all available means to obtain relief through the Company, including making a pre-litigation demand on the board or showing that such demand would be futile.

Third Affirmative Defense

148. Plaintiffs and the Company did not suffer any damages from any of the conduct alleged in the Complaint.

Fourth Affirmative Defense

149. Defendants Sophocles N. Zoullas, Alexis P. Zoullas, and Alan S. Ginsberg at all times acted in good faith and did not breach any fiduciary, contractual, or any other legal duty they may have owed to Plaintiffs or the Company.

Fifth Affirmative Defense

150. Defendants Sophocles N. Zoullas, Alexis P. Zoullas, and Alan S. Ginsberg are shielded from monetary liability by the provisions of Eagle Bulk’s Amended and Restated Articles of Incorporation adopted pursuant to Section 28(m) of the Marshall Islands Business Corporations Act.

Sixth Affirmative Defense

151. Plaintiffs have no standing to pursue these claims. The decision as to whether or not to pursue these claims rests with the Company's Board of Directors or a special litigation committee so authorized for such purpose.

Seventh Affirmative Defense

152. Plaintiffs’ claims are barred by the doctrine of laches.

Eighth Affirmative Defense

153. Any recovery by Plaintiffs is barred by the applicable statutes of limitations.

Ninth Affirmative Defense

154. The Court lacks subject matter jurisdiction over the Complaint.

Tenth Affirmative Defense

155. Plaintiffs' claims are barred by the doctrine of unclean hands.

Dated: January 13, 2012

Respectfully submitted,

By: /s/ Bruce G. Paulsen

SEWARD & KISSEL LLP
Bruce G. Paulsen
Jeffrey M. Dine
One Battery Park Plaza
New York, New York 10004
Tel.: 212-574-1200
Fax: 212-480-8421

*Attorneys for Nominal Defendant Eagle Bulk Shipping Inc. and Defendants Sophocles N. Zoullas, Alexis P. Zoullas, and Alan S. Ginsberg*