UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
:
JOHN T. METCALF, and LAWRENCE :
DOPPELT and MANNY DOPPELT, as Co- : ECF CASE
Trustees of the Frederick Doppelt Trust, :
derivatively and on behalf of Eagle Bulk : 11-cv-03996-AKH
Shipping Inc., :
:
                    Plaintiffs, :
:
    v. :
:
SOPHOCLES N. ZOULLAS, ALEXIS P. :
ZOULLAS, DOUGLAS P. HAENSEL, JON :
TOMASSON, JOSEPH M. CIANCIOLO, :
DAVID B. HILEY, THOMAS B. WINMILL, :
FORREST E. WYLIE, ALAN S. GINSBERG, :
:
                    Defendants, :
:
and :
EAGLE BULK SHIPPING INC., :
:
                Nominal Defendant :
------------------------------------------------------------ X

**ANSWER AND JURY DEMAND OF DEFENDANTS DOUGLAS P. HAENSEL, JON TOMASSON, JOSEPH M. CIANCIOLO, DAVID B. HILEY, THOMAS B. WINMILL, AND FORREST WYLIE**

      Douglas P. Haensel, Jon Tomasson, Joseph M. Cianciolo, David B. Hiley, Thomas B. Winmill, and Forrest Wylie (collectively, "Outside Director Defendants") by their undersigned attorneys, hereby answer the Modified Shareholder Derivative Complaint ("Complaint") filed by plaintiffs John T. Metcalf, Lawrence Doppelt, and Manny Doppelt on October 12, 2011.  The Outside Director Defendants deny each and every allegation contained in the Complaint except as admitted or otherwise qualified herein.  Each defendant only answers allegations with respect to the time period when he served as a director of Eagle Bulk Shipping Inc. ("Eagle Bulk"), and

lacks knowledge or information sufficient to form a belief as to the truth of allegations for periods prior to or following that service. Thus, Mr. Tomasson only answers allegations concerning events occurring after April 16, 2007, Mr. Winmill only answers allegations concerning events occurring after May 20, 2010, and Mr. Wylie only answers allegations concerning events occurring before May 20, 2010.

Answering specifically the allegations contained in the numbered paragraphs of the Complaint:

1. No response is required to the allegations contained in this paragraph, which purport to describe or construe the Complaint, which speaks for itself. Outside Director Defendants admit that this is a shareholder's derivative action brought by Plaintiffs as against certain current and former members of Eagle Bulk's board of directors and executive officers. Outside Director Defendants deny the remaining allegations in paragraph 1.

2. Outside Director Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 2.

3. Outside Director Defendants admit the allegations in paragraph 3.

4. Outside Director Defendants admit the allegations in paragraph 4.

5. Outside Director Defendants admit the allegations in paragraph 5.

6. Outside Director Defendants deny the allegations in the last sentence of paragraph 6. Outside Director Defendants admit the remaining allegations in paragraph 6.

7. Outside Director Defendants deny the allegations in the last sentence of paragraph 7. Outside Director Defendants admit the remaining allegations in paragraph 7. Answering further and as noted above, because Mr. Tomasson did not join the board until on or about April 16, 2007, he lacks knowledge or information sufficient to form a belief as to the truth of allegations in the Complaint concerning events prior to that date.

8. Outside Director Defendants admit the allegations in paragraph 8.

9. Outside Director Defendants deny the allegations in the last sentence of paragraph 9. Outside Director Defendants admit the remaining allegations in paragraph 9.

10. Outside Director Defendants deny the allegations in the last sentence of paragraph 10. Outside Director Defendants admit the remaining allegations in paragraph 10. Answering further and as noted above, because Mr. Winmill did not join the board until on or about May 20, 2010, he lacks knowledge or information sufficient to form a belief as to the truth of allegations in the Complaint concerning events prior to that date.

11. Outside Director Defendants admit the allegations in paragraph 11. Answering further and as noted above, because Mr. Wylie left the board on or about May 20, 2010, he lacks knowledge or information sufficient to form a belief as to the truth of allegations in the Complaint concerning events after that date.

12. Outside Director Defendants admit the allegations in paragraph 12.

13. To the extent paragraph 13 states legal conclusions, no response is required. Outside Director Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding the residences of plaintiffs, and deny the remaining allegations in paragraph 13.

14. Paragraph 14 states legal conclusions to which no response is required.

15. Outside Director Defendants admit the allegations in paragraph 15.

16. Outside Director Defendants deny the allegations in the second sentence of paragraph 16. Outside Director Defendants admit the remaining allegations in paragraph 16 and state that the additional eight vessels were delivered in 2011.

17. Outside Director Defendants admit the allegations in paragraph 17.

18. Outside Director Defendants deny the allegation that technical management is provided by unaffiliated third party technical managers. Outside Director Defendants admit the remaining allegations in paragraph 18.

19. Outside Director Defendants deny the allegations in the first sentence of paragraph 19. Outside Director Defendants admit the remaining allegations in paragraph 19.

20. Outside Director Defendants deny the allegation that Sophocles Zoullas "promoted" Alexis Zoullas to the position of President of Eagle Shipping International. Outside Director Defendants admit the remaining allegations in paragraph 20.

21. Outside Director Defendants admit the allegations in paragraph 21.

22. Outside Director Defendants admit the allegations in paragraph 22, except the last sentence, which states a legal conclusion to which no response is required.

23. Outside Director Defendants lack knowledge or information sufficient to form a belief as to the allegations that Goldberg, Berney, and Loverro continue to be Managing Directors at Kelso. Outside Director Defendants admit the remaining allegations in paragraph 23.

24. Outside Director Defendants admit the allegations in paragraph 24.

25. Outside Director Defendants admit the allegations in paragraph 25.

26. Outside Director Defendants deny the allegations in paragraph 26.

27. Outside Director Defendants deny the allegations in paragraph 27.

28. Outside Director Defendants deny the allegations in paragraph 28.

29. Outside Director Defendants deny the allegations in the last sentence of paragraph 29. Outside Director Defendants admit the remaining allegations in paragraph 29.

30. Outside Director Defendants admit the allegations in paragraph 30.

31. Outside Director Defendants admit the allegations in paragraph 31.

32. Outside Director Defendants deny the allegations in paragraph 32 except that no response is required to the allegations in paragraph 32 purporting to describe or construe the terms of the Company's Bylaws, which speak for themselves. Outside Director Defendants further deny any allegations in paragraph 32 characterizing Eagle Bulk's bylaws in a way that is inconsistent with or contrary to the bylaws as a whole and refer the Court to Eagle Bulk's Bylaws for a complete and accurate statement of their contents.

33. Outside Director Defendants deny all of the allegations in paragraph 33, except the second sentence, which states a legal conclusion to which no response is required.

34. The allegations in paragraph 34 merely copy information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves, and therefore no response is necessary, except that Outside Director Defendants deny them to the extent they are incomplete or mischaracterize the documents.

35. Outside Director Defendants deny the allegations in the first sentence of paragraph 35. The remaining allegations in paragraph 35 merely copy information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves, and therefore no response is necessary, except that Outside Director Defendants deny them to the extent they are incomplete or mischaracterize the documents.

36. Outside Director Defendants deny the allegations contained in the first sentence of paragraph 36. The remaining allegations in paragraph 36 merely copy information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves, and therefore no response is necessary, except that Outside Director Defendants deny them to the extent they are incomplete or mischaracterize the documents.

37. Outside Director Defendants deny the allegations in paragraph 37 except admit that in 2010, Eagle Bulk's board of directors met 20 times; the Audit Committee met 7 times; the

Compensation Committee met 24 times; the Conflicts Committee met 2 times; and the Nomination and Governance Committee met 9 times, and in 2006, Eagle Bulk's board of directors met 6 times; the Audit Committee met 5 times; the Compensation Committee met 1 time; the Nomination and Governance Committee met 1 time; and Eagle Bulk did not have a Conflicts Committee at that time.

38. Outside Director Defendants deny the allegations in paragraph 38.

39. Outside Director Defendants deny the allegations in paragraph 39.

40. Outside Director Defendants deny the allegations in paragraph 40 except admit that in 2010, the Compensation Committee met 24 times; in 2009, the Compensation Committee met 40 times; and in 2008, the Compensation Committee met 30 times.

41. Outside Director Defendants deny the allegations in paragraph 41.

42. Outside Director Defendants admit the allegations in paragraph 42.

43. Outside Director Defendants admit the allegations in paragraph 43.

44. Outside Director Defendants admit the allegations in paragraph 44.

45. Outside Director Defendants deny the allegations in paragraph 45.

46. Outside Director Defendants deny the allegations in paragraph 46.

47. Outside Director Defendants admit the allegations in paragraph 47.

48. Outside Director Defendants admit the allegations in paragraph 48.

49. Outside Director Defendants admit the allegations in paragraph 49.

50. Outside Director Defendants deny the allegations in paragraph 50 except admit that the Company's Chief Financial Officer, Alan S. Ginsberg, received total compensation of $1,357,400 in 2010; $1,345,200 in 2009; and $1,445,076 in 2008.

51. Outside Director Defendants deny the allegations in paragraph 51 except admit that from 2008 through 2010, total executive compensation was approximately $65.8 million;

6

total director compensation was approximately $6.4 million; combined net income was approximately $121.8 million; and that as of December 31, 2010, stockholders' equity was valued at approximately $669 million.  Outside Director Defendants deny the remaining allegations in paragraph 51.

52. Outside Director Defendants deny the allegations in paragraph 52.

53. Outside Director Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Genco.  Outside Director Defendants otherwise deny the allegations in paragraph 53.

54. Outside Director Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Genco.  Outside Director Defendants otherwise deny the allegations in paragraph 54.

55. Outside Director Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Genco.  The remaining allegations in paragraph 55 merely copy information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves, and therefore no response is necessary, except that Outside Director Defendants deny them to the extent they are incomplete or mischaracterize the documents.

56. Outside Director Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Genco.  The remaining allegations in paragraph 56 merely copy information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves, and therefore no response is necessary, except that Outside Director Defendants deny them to the extent they are incomplete or mischaracterize the documents.

57. No response is required as to the allegations regarding SEC rules, which state legal conclusions. Outside Director Defendants deny the remainder of the allegations in paragraph 57.

58. Outside Director Defendants deny the allegation in paragraph 58 regarding Eagle Bulk's general and administrative expenses as a percentage of net income. Outside Director Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Dryships, Excel, Diana, and Genco.

59. Outside Director Defendants deny the allegations in paragraph 59.

60. Outside Director Defendants deny the allegations in paragraph 60 except admit that the Compensation Committee engaged Steven Hall & Partners ("Steven Hall") as a compensation consultant. Outside Director Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Genco. To the extent the allegations in paragraph 60 purport to quote information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves, no response is necessary, except that Outside Director Defendants deny them to the extent they are incomplete or mischaracterize the documents.

61. Outside Director Defendants admit that on June 19, 2008, an Employment Agreement ("2008 Employment Agreement") was executed between Eagle Shipping International and Sophocles Zoullas.

62. Outside Director Defendants deny the allegations in paragraph 62.

63. No response is required to the first sentence in paragraph 63 because it purports to describe or construe the terms of the 2008 Employment Agreement, which speaks for itself. Outside Director Defendants deny any allegations in paragraph 63 characterizing the 2008 Employment Agreement in a way that is inconsistent with or contrary to the document taken as a

whole, and refer the Court to the 2008 Employment Agreement for a complete and accurate statement of its contents.  Outside Director Defendants deny the second sentence of paragraph 63.

64. Outside Director Defendants deny the allegations in paragraph 64 except state that no response is required to the allegations in paragraph 64 that purport to describe or construe the terms of the 2008 Employment Agreement, which speaks for itself.  Outside Director Defendants further deny any allegations in paragraph 64 characterizing the 2008 Employment Agreement in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to the 2008 Employment Agreement for a complete and accurate statement of its contents.

65. Outside Director Defendants deny the allegations in paragraph 65 except state that no response is required to the allegations in paragraph 65 that purport to describe or construe the terms of the 2008 Employment Agreement, which speaks for itself.  Outside Director Defendants further deny any allegations in paragraph 65 characterizing the 2008 Employment Agreement in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to the 2008 Employment Agreement for a complete and accurate statement of its contents.

66. Outside Director Defendants deny the allegations in paragraph 66 except state that no response is required to the allegations in paragraph 66 that purport to describe or construe the terms of the 2008 Employment Agreement, which speaks for itself.  Outside Director Defendants further deny any allegations in paragraph 66 characterizing the 2008 Employment Agreement in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to the 2008 Employment Agreement for a complete and accurate statement of its contents.

67. Outside Director Defendants deny the allegations in paragraph 67.

68. Outside Director Defendants admit that in May 2008, the Company's stock traded at $36.24, and deny the remaining allegations in paragraph 68.

69. Outside Director Defendants deny the allegations in the first and third sentences of paragraph 69 except admit that the "Dry Index" is a peer group consisting of Dryships, Inc. ("Dryships"), Diana Shipping Inc. ("Diana"), Excel Maritime Carriers Ltd. ("Excel"), Navios Maritime Holdings, Inc. ("Navios") and Genco Shipping and Trading Limited ("Genco"). Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Dryships, Excel, Diana, and Genco, third-party foreign-based companies in the dry bulk industry. Outside Director Defendants deny the allegations in the second sentence of paragraph 69, except admit that on or about March 4, 2011, Eagle Bulk filed its 2010 Form 10-K. No response is required to the remaining allegations contained in the second sentence because they purport to describe or construe the terms of Eagle Bulk's 2010 Form 10-K submission, which speaks for itself. Outside Director Defendants deny any allegations in paragraph 69 characterizing Eagle Bulk's 2010 Form 10-K in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to Eagle Bulk's 2010 Form 10-K for a complete and accurate statement of its contents.

70. Outside Director Defendants deny the allegations in paragraph 70 except that no response is necessary to the allegations in the first sentence of paragraph 70 purporting to quote information set forth in Eagle Bulk's public filings, which in their entirety speak for themselves. Outside Director Defendants further deny any allegations in paragraph 70 characterizing Eagle Bulk's public filings in a way that is inconsistent with or contrary to the filings taken as a whole.

71. Outside Director Defendants deny the allegations in paragraph 71 except that no response is necessary to the allegations in paragraph 71 purporting to describe or construe the terms of Eagle Bulk's IPO Registration Statement, which in its entirety speaks for itself. Outside Director Defendants further deny any allegations in paragraph 71 characterizing Eagle Bulk's

IPO Registration Statement in a way that is inconsistent with or contrary to the document taken as a whole.

72. Outside Director Defendants deny the allegations in paragraph 72 except admit that during the years ended December 31, 2010, 2009, and 2008, net cash provided by operating activities was $94,339,830, $90,524,861, and $109,535,918, respectively.

73. Outside Director Defendants deny the allegations in paragraph 73 except admit that on August 4, 2009, the Company entered into a third amendatory agreement to its revolving credit facility which changed certain covenants between the parties.

74. Outside Director Defendants deny the allegations in paragraph 74 except that no response is required to the allegations in paragraph 74 that purport to describe or construe the terms of Eagle Bulk's May 2011 Form 10-Q, which speaks for itself. Outside Director Defendants further deny any allegations in paragraph 74 characterizing Eagle Bulk's 10-Q in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to Eagle Bulk's May 2011 Form 10-Q for complete and accurate statements of its contents.

75. Outside Director Defendants deny the allegations in paragraph 75.

76. Outside Director Defendants deny the allegations in paragraph 76.

77. Outside Director Defendants deny the allegations in paragraph 77 except that Sophocles Zoullas is affiliated with Delphin Shipping LLC ("Delphin"), a Marshall Islands limited liability company, and that he serves as Delphin's non-executive Chairman.

78. Outside Director Defendants admit that Sophocles Zoullas serves as Delphin's non-executive Chairman. Outside Director Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning Kelso. To the extent the remaining allegations contained in paragraph 78 purport to characterize or excerpt Eagle Bulk's 2010 Form 10-K, no response is required because that document speaks for itself. Outside

11

Director Defendants deny any allegations in paragraph 78 characterizing Eagle Bulk's 2010 Form 10-K in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to Eagle Bulk's 2010 Form 10-K for a complete and accurate statement of its contents. Outside Director Defendants deny the remaining allegations in paragraph 78.

79.     Outside Director Defendants deny the allegations in paragraph 79 except admit that on August 4, 2009, the Company entered into a management agreement (the "Management Agreement") with Delphin.

80.     Outside Director Defendants deny the allegations in paragraph 80.

81.     Outside Director Defendants deny the allegations in paragraph 81.

82.     Outside Director Defendants deny the allegations in paragraph 82.

83.     Outside Director Defendants deny the allegations in paragraph 83.

84.     Outside Director Defendants deny the allegations in paragraph 84 except that no response is required to the allegations in paragraph 84 that purport to describe or construe the terms of the 2008 Employment Agreement, which speaks for itself. Outside Director Defendants further deny any allegations in paragraph 84 characterizing the 2008 Employment Agreement in a way that is inconsistent with or contrary to the document taken as a whole, and refer the Court to the 2008 Employment Agreement for a complete and accurate statement of its contents.

85.     Outside Director Defendants deny the allegations in paragraph 85.

86.     Outside Director Defendants admit the allegations in paragraph 86.

87.     Outside Director Defendants deny the allegations in paragraph 87.

88.     No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

89. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

90. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

91. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

92. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

93. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

94. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

95. No response is required to paragraphs 88 through 95, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

96. Outside Director Defendants admit the allegation that Eagle Bulk is incorporated in the Marshall Islands. The remaining allegations in paragraph 96 state legal conclusions to which no response is required.

97. The allegations in paragraph 97 state legal conclusions to which no response is required.

98. The allegations in paragraph 98 state legal conclusions to which no response is required.

99. Outside Director Defendants deny the second sentence of paragraph 99. The remaining allegations in paragraph 99 state legal conclusions to which no response is required.

100. No response is required to the allegations in paragraph 100 that purport to describe or construe the terms of the Company's Bylaws, which speak for themselves. Outside Director Defendants deny any allegations in paragraph 100 characterizing the Company's Bylaws in a way that is inconsistent with or contrary to that document taken as a whole, and refer the Court to the Bylaws for a complete and accurate statement of their contents.

101. Outside Director Defendants deny the allegations in paragraph 101.

102. Outside Director Defendants deny the allegations in paragraph 102 except admit that Plaintiffs have not made any demand on the Eagle Bulk board of directors to institute this action against Defendants.

103. Outside Director Defendants deny the allegations in paragraph 103.

104. Outside Director Defendants admit the allegations in paragraph 104.

105. Outside Director Defendants deny the allegations in paragraph 105.

106. Outside Director Defendants admit the allegations in paragraph 106.

107. Outside Director Defendants deny the allegations in paragraph 107.

108. Outside Director Defendants deny the allegations in paragraph 108.

109. Outside Director Defendants deny the allegations in paragraph 109.

110. Outside Director Defendants deny the allegations in paragraph 110.

111. Outside Director Defendants deny the allegations in paragraph 111.

112. Outside Director Defendants deny the allegations in paragraph 112.

113. Outside Director Defendants deny the allegations in paragraph 113.

114. Outside Director Defendants deny the allegations in paragraph 114.

115. Outside Director Defendants deny the allegations in paragraph 115.

116. Outside Director Defendants deny the allegations in paragraph 116.

117. Outside Director Defendants deny the allegations in paragraph 117.

118. No response is required to paragraphs 118 through 121, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

119. No response is required to paragraphs 118 through 121, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

120. No response is required to paragraphs 118 through 121, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

121. No response is required to paragraphs 118 through 121, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

## FIRST CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY - DIRECTOR COMPENSATION

122. Outside Director Defendants repeat all denials, admissions, and statements of insufficient information and knowledge contained in the preceding paragraphs.

123. Outside Director Defendants deny the allegations in paragraph 123.

124. Outside Director Defendants deny the allegations in paragraph 124 except that the first sentence of paragraph 124 states a legal conclusion to which no response is required.

125. Outside Director Defendants deny the allegations in paragraph 125.

126. Outside Director Defendants deny the allegations in paragraph 126.

## SECOND CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY - OFFICER COMPENSATION

127. Outside Director Defendants repeat all denials, admissions, and statements of insufficient information and knowledge contained in the preceding paragraphs.

128. Outside Director Defendants deny the allegations in paragraph 128.

129. Outside Director Defendants deny the allegations in paragraph 129.

130. Outside Director Defendants deny the allegations in paragraph 130 except that the first sentence of paragraph 130 states a legal conclusion to which no response is required.

131. Outside Director Defendants deny the allegations in paragraph 131.

132. Outside Director Defendants deny the allegations in paragraph 132.

133. Outside Director Defendants deny the allegations in paragraph 133.

## THIRD CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY - DELPHIN

134. Outside Director Defendants repeat all denials, admissions, and statements of insufficient information and knowledge contained in the preceding paragraphs.

135. Outside Director Defendants deny the allegations in paragraph 135.

136. The allegations in paragraph 136 state legal conclusions to which no response is required.

137. Outside Director Defendants deny the allegations in paragraph 137.

138. Outside Director Defendants deny the allegations in paragraph 138.

139.   Outside Director Defendants deny the allegations in paragraph 139.

## FOURTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY—MEETING ADJOURNMENT

140.   No response is required to paragraphs 140 through 144, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

141.   No response is required to paragraphs 140 through 144, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

142.   No response is required to paragraphs 140 through 144, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

143.   No response is required to paragraphs 140 through 144, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

144.   No response is required to paragraphs 140 through 144, as Plaintiffs' cause of action related to the 2011 annual shareholders meeting was dismissed on consent, with prejudice on November 21, 2011.

## JURY DEMAND

145.   Outside Director Defendants demand a jury trial of all issues triable by jury under applicable law.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

146.   The Complaint fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

147. The Complaint fails to state a claim or is barred because Plaintiffs failed to exhaust all available means to obtain relief through the corporation, including making a pre-litigation demand on the board or showing that such demand would be futile.

## Third Affirmative Defense

148. Plaintiffs and Eagle Bulk did not suffer any damages from any of the conduct alleged in the Complaint.

## Fourth Affirmative Defense

149. Outside Director Defendants at all times acted in good faith and did not breach any fiduciary, contractual, or any other legal duty they may have owed to Plaintiffs or Eagle Bulk.

## Fifth Affirmative Defense

150. Outside Director Defendants are shielded from monetary liability by the provisions of Eagle Bulk's Amended and Restated Articles of Incorporation adopted pursuant to Section 28(m) of the Marshall Islands Business Corporations Act.

## Sixth Affirmative Defense

151. Plaintiffs have no standing to pursue these claims. The decision as to whether or not to pursue these claims rests with the Company's Board of Directors or a special litigation committee so authorized for such purpose.

## Seventh Affirmative Defense

152. Plaintiffs' claims are barred by the doctrine of laches.

## Eighth Affirmative Defense

153. Any recovery by Plaintiffs is barred by the applicable statutes of limitations.

<u>Ninth Affirmative Defense</u>

154. The Court lacks subject matter jurisdiction over the Complaint.

<u>Tenth Affirmative Defense</u>

155. Plaintiffs' claims are barred by the doctrine of unclean hands.

Dated: January 13, 2012

                                        Respectfully submitted,

                                        WILMER CUTLER PICKERING HALE AND DORR LLP

                                        By: <u>/s/ Michael Bongiorno</u>
                                        Michael G. Bongiorno
                                        Shauna K. Friedman
                                        Seth M. Nadler
                                        399 Park Avenue
                                        New York, New York 10022
                                        Tel.: 212-230-8800
                                        Fax: 212-230-8888

                                        *Attorneys for Douglas P. Haensel, Jon Tomasson, Joseph M. Cianciolo, David B. Hiley, Thomas B. Winmill, and Forrest Wylie*