Hellerstein, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

JOHN T. METCALF, and LAWRENCE
DOPPELT and MANNY DOPPELT, as Co-       : ECF CASE
Trustees of the Frederick Doppelt Trust,
derivatively and on behalf of Eagle Bulk    : 11-cv-03996-AKH
Shipping Inc.,

                  Plaintiffs,

v.

SOPHOCLES N. ZOULLAS, ALEXIS P.
ZOULLAS, DOUGLAS P. HAENSEL, JON
TOMASSON, JOSEPH M. CIANCIOLO,
DAVID B. HILEY, THOMAS B. WINMILL,
FORREST E. WYLIE, ALAN S. GINSBERG,

                  Defendants,

and
EAGLE BULK SHIPPING INC.,

                  Nominal Defendant :

------------------------------------------------------------ X



## STIPULATION AND AGREED CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Agreed Confidentiality Order (the "Stipulation and Order") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information produced or provided in the above-referenced action ("Discovery Materials").

1.  When used in this Stipulation and Order, the word "document" shall have the meaning under Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules of the United States District Courts for the Eastern and Southern Districts of New York. A party, person, or entity that produces or discloses Discovery Materials in connection with this action shall be referred to herein as the "Disclosing Party."

2.  All Discovery Materials produced or disclosed in the above-referenced action (the "Action") shall be used solely for the prosecution or the defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose. Further, any person or entity in possession of Confidential Discovery Materials (as defined below) shall maintain those materials in a reasonably secure manner so that they are not further disclosed or used in any manner inconsistent with this Stipulation and Order.

3.  Any Discovery Materials produced or disclosed in connection with this action by a Disclosing Party that the Disclosing Party in good faith believes to constitute, include, contain, refer or relate to either: (1) trade secret or other confidential research, development, financial, proprietary or commercial information that may be subject to a protective order under F.R.C.P. 26(c)(7); or (2) confidential, non-public personal information concerning individuals such as, without limitation, social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical, credit, and banking information, may be designated "Confidential" by the Disclosing Party. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials."

4.  The Parties agree that the designation of any Discovery Material as Confidential is not intended to be, and shall not be construed as, an admission that the Discovery Material is

relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

5. Any party receiving Confidential Discovery Materials may disclose or make available such information only to the following persons:

(a) the Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

(b) the parties;

(c) outside counsel for the named parties to this Action;

(d) professional court reporters, stenographers or video operators transcribing depositions or testimony in this Action;

(e) persons who are indicated on the face of the document to have been authors or recipients of the Confidential Discovery Materials;

(f) any outside expert, advisor or consultant retained by any named party in connection with this Action;

(g) any person who is a fact witness or potential fact witness (and counsel for such witness) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof; provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Materials;

(h) outside photocopying, data processing, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in this Action and computer personnel performing duties in relation to a computerized litigation system;

(i) any mediator or arbitrator engaged by the named parties in connection with the Action; and

(j) other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

6. The Confidential designation set forth in paragraph 3 of this Stipulation and Order may be made at or prior to the time of production of documents by stamping or otherwise marking the Discovery Materials as "Confidential" on each page of the Confidential Discovery Materials to be deemed Confidential, or, in the case of depositions, as provided in paragraph 9 below. When Confidential Discovery Materials are disclosed in a form not appropriate for such placing or affixing, they shall be designated in writing as Confidential at the time they are delivered to the receiving party.

7. Inadvertent failure to designate materials as Confidential at the time of production shall not constitute a waiver and may be remedied by supplemental written notice by the Disclosing Party. If such notice is given, all documents, materials or testimony so designated shall be subject to this Stipulation and Order as if they had been initially designated as Confidential to the extent that such documents, materials or testimony fall within the definition of Confidential Discovery Materials, provided, however, that the foregoing provision shall not apply to any documents that had already otherwise become publicly available.

8. If information subject to a claim of attorney-client privilege, attorney work product, or any other claim of immunity of any kind is inadvertently or unintentionally produced in connection with the Litigation, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other claim of immunity of any kind that the Disclosing Party would otherwise be entitled to assert. If a

claim of inadvertent production is made with respect to information then in the custody of another person or entity subject to the terms of this Stipulation and Order, the receiving party shall promptly return the original and all copies of the information to the claiming party or person and the receiving party shall not use such information for any purpose. If the recipient has already shared such information or material prior to a demand for its return, that recipient shall promptly notify the other affected person or persons and use best efforts to collect and return all copies. The party returning such material may then move the Court for an order compelling production of the material, and the motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

9. A Disclosing Party may designate as Confidential any portion of a deposition transcript deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Discovery Material either orally at the deposition or in writing no later than fifteen (15) calendar days after receipt of a deposition transcript. During such fifteen-day period, the parties shall treat the entire transcript as Confidential. The reporter shall mark "CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions thereof designated as such. At the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Discovery Material. Copies of the transcript for counsel's use may contain both the Confidential testimony and other testimony in a single volume.

10. All non-parties, and their employees, to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 5(f) or 5(g) as applicable above shall, prior to disclosure, be advised of the contents of this Stipulation and Order and that the Confidential Discovery Materials are being disclosed pursuant to the terms of this Stipulation and Order and may not be

disclosed other than pursuant to the terms hereof. All such persons shall be required to execute a certification evidencing agreement with the terms of the Stipulation and Order in the form attached as Exhibit A, which shall be retained by counsel for the party who provided the Discovery Materials to such persons.

11. In the event that counsel for any party or non-party determines to file in or submit to this Court any Confidential Discovery Materials, information derived therefrom, or any papers containing or making reference to such information, that party shall give notice to the Disclosing Party sufficiently in advance of proposed filing or submission to permit the filing of a motion for protective order. The Disclosing Party may then move for a protective order, pursuant to the Court's Individual Rule 4.

12. If, at any time, any Discovery Materials in the possession of any party to this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, such party to whom the subpoena is directed, to the extent permitted by law, shall promptly give written notice to the Disclosing Party and include with such notice a copy of the subpoena or request. The person to whom the subpoena is directed also shall make all reasonable good faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection for the Discovery Materials, before the person to whom the subpoena is directed complies with the subpoena, provided that, in no event, will the party receiving the subpoena be required to take any action that would render it subject to any adverse order or sanction in connection with the subpoena.

13. A party shall not be obligated to challenge the propriety of a designation as at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event

any party to this litigation disagrees at any state of these proceedings with the designation by the designating party of any information as "Confidential", the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies and via a meet and confer process. If the dispute cannot be resolved, and the party challenging the designation reasonably and in good faith believes that confidentiality designation was improper under this stipulation, that party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential," specifying the documents or information challenged. The designating party shall then be required to move the Court for an order preserving the designated status of such information within thirty (30) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

14. In the event that a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential and at least one copy is not so designated, once such a discrepancy is actually discovered by the receiving party, all copies of the document shall be treated as "Confidential."

15. The terms of this Stipulation and Order shall remain in full force and effect until the Action is finally resolved, that is until all appeals relating to the Action have been exhausted or the time to appeal has expired ("Final Resolution"). Upon Final Resolution, all recipients of Confidential Discovery Materials shall either (a) use commercially reasonable efforts to destroy such materials and provide a certification to the Disclosing Party stating that the Disclosing Party's documents have been destroyed; or (b) return such materials to the Disclosing Party at the Disclosing Party's request. This obligation shall not apply to pleadings, motions, briefs, supporting affidavits and other court filings, or attorney work product, correspondence,

transcripts or Court opinions and orders (although the restrictions imposed herein continue to apply to such retained documents).

16. Each party shall have the responsibility, through counsel, to promptly advise the Disclosing Party of any losses or compromises of the confidentiality of information or documents governed by this Stipulation and Order. It shall be the responsibility of the party that lost or compromised the Confidential Discovery Materials to take reasonable measures to limit the loss or unauthorized disclosure. Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials or information that have been designated as Confidential pursuant to this Stipulation and Order.

17. This Stipulation and Order shall not prejudice in any way the rights of any party to introduce into evidence at trial any document, testimony or other evidence subject to this Stipulation and Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order.

18. The taking of, or failure to take, any action to enforce the provisions of this Stipulation and Order, or the failure to object to any designation, shall not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Stipulation and Order.

19. Any non-party producing Discovery Materials in this Action may designate such Discovery Materials as Confidential in accordance and consistent with the terms and provisions of this Stipulation and Order.

20. In the event that additional persons become parties to this Action, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any

Disclosing Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Stipulation and Order and agree to be bound by its terms.

21. This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Order, subject to approval of the Court.

DONE and ORDERED
this __17__ day of _____, 2012.

_____
HON. ALVIN K. HELLERSTEIN
United States District Judge

Agreed to by:

CHITWOOD HARLEY HARNES LLP

_____
Carol S. Shahmoon
Gregory E. Keller
Chitwood Harley Harnes LLP
1350 Broadway, Suite 908
New York, NY 10018
Tel: (917) 595-4600
cshahmoon@chitwoodlaw.com
gkeller@chitwoodlaw.com

*Attorneys for Plaintiffs*

SEWARD & KISSEL LLP

_____
Bruce G. Paulsen
Jeffrey M. Dine
Seward & Kissell LLP
One Battery Park Plaza
New York, NY
Tel: (212) 574-1533
paulsen@sewkis.com
dine@sewkis.com

*Attorneys for Defendants Sophocles N. Zoullas, Alexis P. Zoullas, Alan S. Ginsberg, and Eagle Bulk Shipping Inc.*

Disclosing Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Stipulation and Order and agree to be bound by its terms.

21.     This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Order, subject to approval of the Court.

DONE and ORDERED
this _____ day of _____, 2012.

_____
HON. ALVIN K. HELLERSTEIN
United States District Judge

Agreed to by:

| CHITWOOD HARLEY HARNES LLP | SEWARD & KISSEL LLP |
|---|---|
| Carol S. Shahmoon<br>Gregory E. Keller<br>Chitwood Harley Harnes LLP<br>1350 Broadway, Suite 908<br>New York, NY 10018<br>Tel: (917) 595-4600<br>cshahmoon@chitwoodlaw.com<br>gkeller@chitwoodlaw.com<br><br>*Attorneys for Plaintiffs* | Bruce G. Paulsen<br>Jeffrey M. Dine<br>Seward & Kissell LLP<br>One Battery Park Plaza<br>New York, NY<br>Tel: (212) 574-1533<br>paulsen@sewkis.com<br>dine@sewkis.com<br><br>*Attorneys for Defendants Sophocles N. Zoullas, Alexis P. Zoullas, Alan S. Ginsberg, and Eagle Bulk Shipping Inc.* |

WILMER CUTLER PICKERING
HALE AND DORR LLP

*/s/ Shauna Friedman*

Michael G. Bongiorno
Timothy Perla
Shauna K. Friedman
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 937-7220
Fax: (212) 230-8888
michael.bongiorno@wilmerhale.com
shauna.friedman@wilmerhale.com

*Attorneys for Defendants Douglas P. Haensel, Jon Tomasson, Joseph M. Cianciolo, David B. Hiley, Thomas B. Winmill, and Forrest E. Wylie*

### Exhibit A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
: 
JOHN T. METCALF, and LAWRENCE :
DOPPELT and MANNY DOPPELT, as Co- : ECF CASE
Trustees of the Frederick Doppelt Trust, :
derivatively and on behalf of Eagle Bulk : 11-cv-03996-AKH
Shipping Inc., :
:
                Plaintiffs, :
:
v. :
:
SOPHOCLES N. ZOULLAS, ALEXIS P. :
ZOULLAS, DOUGLAS P. HAENSEL, JON :
TOMASSON, JOSEPH M. CIANCIOLO, :
DAVID B. HILEY, THOMAS B. WINMILL, :
FORREST E. WYLIE, ALAN S. GINSBERG, :
:
                Defendants, :
:
and :
EAGLE BULK SHIPPING INC., :
:
                Nominal Defendant :
---------------------------------------------------------- X

## CERTIFICATION CONCERNING CONFIDENTIAL MATERIAL
## COVERED BY STIPULATION AND ORDER

I, _____, declare that:

    1.    I have received a copy of the Stipulation and Order in this Action, and I have carefully read and understand its provisions. I acknowledge that I am one of the persons contemplated in the Stipulation and Order as permitted access to information designated "Confidential" by a Disclosing Party.

2. I will comply with all of the provisions of the Stipulation and Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Order, and will not copy or use for purposes other than for this Action any information designated "Confidential" that I receive in this Action, except to the extent that such information designated "Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" in accordance with the Stipulation and Order.

3. I agree to subject myself personally to the jurisdiction of the Court for the purpose of proceedings relating to my performance under, compliance with, or violation of this Stipulation and Order.

4. I understand that disclosure of information designated "Confidential" in violation of this Stipulation and Order may constitute contempt of court.

5. I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Date                                              Signature