**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| John T. Metcalf, et al.<br><br>      Plaintiffs,<br><br>    v.<br><br>Sophocles N. Zoullas, et al.,<br><br>      Defendants. | 11 Civ. 3996 (AKH) (HBP) |

### MEMORANDUM OF LAW IN SUPPORT OF CORPORATE DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to paragraph 4.B. of the Individual Rules of the Honorable Alvin K. Hellerstein ("Individual Rules), Defendants Sophocles N. Zoullas, Alexis P. Zoullas, Alan S. Ginsberg, and nominal defendant Eagle Bulk Shipping Inc. (the "Corporate Defendants") hereby seek leave to allow certain exhibits filed in support of the Motion for Summary Judgment dated April 1, 2013 filed by Defendants Douglas P. Haensel, Jon Tomasson, Joseph M. Cianciolo, David B. Hiley, Thomas B. Winmill, Forrest E. Wylie ("the Outside Directors")  (Docket # 46) to be filed under seal.  Specifically, the Corporate Defendants seek to file under seal exhibits constituting (1) the June 2009 Memorandum to Conflicts Committee of Eagle Bulk Shipping Inc. (the "Delphin Opinion Letter") prepared by Seward & Kissel LLP as counsel to the Corporate Defendants; (2) deposition transcripts that have been designated as confidential by agreement of the parties; and (3) other documents produced in this matter which were designated as confidential by the Corporate Defendants or which otherwise contain the type of operations and strategy information that could pose a risk to the Corporate Defendants' ongoing business operations should these documents become public.  Each particular exhibit sought to be filed under seal is specifically identified below:

| Exhibit Description | Exhibit |
|---|---|
| Excerpts from the transcript of the deposition of Steven Hall held on December 13, 2012. | A |
| Excerpts from the transcript of the deposition of Sophocles Zoullas held on December 4, 2012. | B |
| Excerpts from the transcript of the deposition of Alexis Zoullas held on November 14, 2012. | C |
| Excerpts from the transcript of the deposition of Joseph Cianciolo held on October 23, 2012. | D |
| Excerpts from the transcript of the deposition of Douglas P. Haensel held on October 9, 2012. | E |
| Excerpts from the transcript of the deposition of Alan Ginsberg held on November 28, 2012. | F |
| June 29, 2009 Email from J. Cianciolo RE: "Audit appointment" bearing Bates number EB000000130. | G |
| July 22, 2010 Email from D. Haensel RE: "Peer Group's auditors" bearing Bates numbers EB00000005439-EB00000005444 (marked Confidential). | H |
| January 14, 2008 Minutes of the Compensation Committee of Eagle Bulk Inc. bearing Bates number EB0000011581 (marked Confidential). | I |
| January 15, 2008 Minutes of the Compensation Committee of Eagle Bulk Inc. bearing Bates numberEB0000011585 (marked Confidential). | J |
| June 5, 2008 Minutes of the Compensation Committee of Eagle Bulk Inc. bearing Bates number EB000008714 (marked Confidential). | K |
| December 12, 2008 Steven Hall and Partners Opinion Letter on Executive Compensation bearing Bates numbers EB000020957-EB000020960. | M |
| December 20, 2010 Steven Hall and Partners Opinion Letter on Executive Compensation Bates bearing Bates numbers EB000015801-EB000015805 (marked Confidential). | N |
| April 27, 2009 Email from Jon Tomasson to Sophocles Zoullas, Joseph Cianciolo, David Hiley, Doug Haensel, Alexi Zoullas, and Forrest Wylie RE: Tradewinds story bearing Bates numbers EB000005463-EB000005466. | O |
| January 15, 2008 Board Minutes of Eagle Bulk Shipping Inc. bearing Bates numbers EB000011582-EB000011584 (marked Confidential). | P |
| January 23, 2009 Board Minutes of Eagle Bulk Shipping Inc. bearing Bates numbers EB000011665-EB000011667 (marked Confidential). | Q |
| January 20, 2009 Steven Hall & Partners Opinion Letter bearing Bates numbers EB000011494-EB000011497 (marked confidential). | R |

| Exhibit Description | Exhibit |
|---|---|
| February 24, 2010 Steven Hall & Partners Opinion Letter bearing Bates numbers EB000009636- EB000009638 (marked confidential). | S |
| December 10, 2008 Board Minutes of Eagle Bulk Shipping Inc. bearing Bates numbers EB00008685- EB000008688 (marked Confidential). | T |
| February 4, 2009 Board Minutes of Eagle Bulk Shipping Inc. bearing Bates numbers EB000011668- EB000011670 (marked Confidential). | V |
| Eagle Bulk Shipping Inc. Board of Directors Procedures Relating to Potential Conflicts of Interest Involving NewCo Shipping bearing Bates numbers EB000018661-EB000018663 (marked Confidential). | W |
| Special Committee of the Board of Directors of Eagle Bulk Shipping Inc. from February 2009 through July 2009 bearing Bates numbers EB000011671, 674, 686-689; EB000008762, 66-67; EB000008775, 91, 93, 96, 99; EB000008800; EB000011691-93 (marked Confidential). | X |
| July 7, 2009 Board Minutes of the Meeting of the Board of Directors of Eagle Bulk Shipping Inc. bearing Bates numbers EB000011697-EB000011699 (marked Confidential). | Y |
| Delphin Opinion Letter bearing Bates numbers Supp. EB000466-EB000469 (marked Confidential). | Z |

The Corporate Defendants' interests in protecting their proprietary, strategic, or otherwise private business affairs, as well as in protecting materials covered by the attorney-client privilege, override any presumption in favor of public access here. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) (party advocating for seal required to show "countervailing factors," such as "the privacy interests of those resisting disclosure" to overcome common law presumption of public access) (internal quotation marks omitted)); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) (requiring party resisting disclosure to show "that suppression is essential to preserve higher values and is narrowly tailored to serve that interest") (internal quotation marks omitted)).

The Delphin Opinion Letter was produced to Plaintiffs, with a reservation of rights, in accordance with the narrow exceptions applicable to derivative suits set out in *Garner v. Wolfinbarger*, 430 F.2d 1093 (2d Cir. 1970). These exceptions apply only with respect to shareholders; the document is still protected from general disclosure by the attorney-client

3

privilege. It should therefore be sealed in order to maintain that privilege. *See Odfjell ASA v. Celanese AG*, 380 F. Supp. 2d 297, 298 n.1 (S.D.N.Y. 2005) (an order sealing motion papers and other materials is appropriate where the papers and materials "necessarily discuss . . . privileged information.º.º.º.").

As to the other documents and testimony, these should also be sealed because they contain the type of operations and strategy information that could pose a risk to the Corporate Defendants' ongoing business operations should the documents become public. *See, e.g., Hesse v. Sungard Sys. Int'l*, No. 12 Civ. 1990, 2013 U.S. Dist. LEXIS 7289, at *5 (S.D.N.Y. Jan. 14, 2013) (continuing seal order as to documents that "for the most part . . . include sensitive . . . proprietary business information"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing business records operations and strategy information); *Gelb v. Am. Tel & Tel. Co.*, 813 F. Supp. 1022, 1034 (S.D.N.Y. 1993) (sealing business information where disclosure would have resulted in a "clearly defined and very serious injury to its business").

WHEREFORE, the Corporate Defendants respectfully request that the Court enter an order authorizing the filing under seal of those exhibits set forth herein, and granting such other further and different relief as it deems just and proper.

New York, New York  
April 1, 2013

Respectfully submitted,

SEWARD & KISSEL LLP

By: s/ Bruce G. Paulsen

Bruce G. Paulsen  
Jeffrey M. Dine  
Seward & Kissel LLP  
One Battery Park Plaza  
New York, NY  
Tel: (212) 574-1533  
paulsen@sewkis.com  
dine@sewkis.com  
*Attorneys for Defendants Sophocles N. Zoullas, Alexis P. Zoullas, Alan S. Ginsberg, and Nominal Defendant Eagle Bulk Shipping Inc.*

SK 25083 0002 1371077