

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| John T. Metcalf, and Lawrence Doppelt and Manny Doppelt, as Co-Trustees of the Frederick Doppelt Trust, derivatively on behalf of Eagle Bulk Shipping Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Sophocles N. Zoullas, Alexis P. Zoullas, Douglas P. Haensel, Jon Tomasson, Joseph M. Cianciolo, David B. Hiley, Thomas B. Winmill, Forrest E. Wylie, Alan S. Ginsberg, <br><br> Defendants, <br><br> and <br><br> Eagle Bulk Shipping Inc., <br> Nominal Defendant. | ECF <br><br> C.A. NO. 11-CV-3996-AKH <br><br><br>  |

## ~~PROPOSED~~ SCHEDULING ORDER WITH RESPECT TO NOTICE AND SETTLEMENT HEARING

WHEREAS, the parties to the above-captioned action ("Eagle I") have entered into a Stipulation of Compromise and Settlement dated June 14, 2013 (the "Stipulation"), which sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of this as well as a related action, *John T. Metcalf v. Sophocles N. Zoullas, et al.*, Civil Action No. 11-CV-7728-AKH ("Eagle II," and together with the Eagle I, the "Actions"), as well as two similar derivative actions filed in New York Supreme Court, subject to review and approval by this

1

Court pursuant to Court of Chancery Rule 23.1 upon notice to the current stockholders of nominal Eagle Bulk Shipping Inc. ("Eagle");

**NOW**, upon application of the parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto,

**IT IS HEREBY ORDERED** this 18 day of June, 2013 as follows:

1. A hearing (the "Settlement Hearing") shall be held on September 4, 2013, at 11 a.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14D, New York, New York, to (a) determine whether the proposed settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate and in the best interests of Eagle and its stockholders; (b) determine whether the Court should finally approve the Stipulation and enter the Order and Final Judgment (the "Judgment") as provided in the Stipulation, dismissing the Actions with prejudice and extinguishing and releasing the Released Claims (as defined in the Stipulation); (c) hear and determine any objections to the proposed settlement; (d) rule on the fee and expense applications; (e) rule on such other matters as the Court may deem appropriate.

2. The Settlement Hearing may be adjourned by the Court from time to time without further notice to anyone other than the parties to the Actions and any Objectors (as defined herein).

3. The Court reserves the right to approve the Stipulation at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Stipulation and without further notice.

4. The Court approves, in form and content, the Notice of Proposed Settlement of Actions (the "Notice") filed by the parties with the Stipulation as Exhibit B and finds that the

giving of notice substantially in the manner set forth herein meets the requirement of Fed. R. Civ. Proc. Rule 23.1 and due process, and is the best notice practicable under the circumstances. No later than sixty (60) calendar days prior to the Settlement Hearing, the defendants shall cause the Notice, substantially in the form annexed as Exhibit B to the Stipulation, to be disseminated to shareholders by the same methods Eagle uses to disseminate its proxy statement in the ordinary course.

5. At least ten (10) business days prior to the Settlement Hearing, defendants' counsel shall file an appropriate affidavit attesting to provision of the Notice in accordance with this Order.

6. As set forth in the Notice, any record or beneficial stockholder of Eagle who objects to the Stipulation, the proposed Judgment to be entered, and/or the fee and expense applications, who wishes to be heard ("Objector"), may appear in person or by his, her, or its attorney at the Settlement Hearing and present any evidence or argument that may be proper and relevant; provided, however, that no Objector shall be heard or entitled to contest the approval of the terms and conditions of the settlement, or, if approved, the Judgment to be entered thereon, unless he, she, or it has, no later than ten (10) days before the Settlement Hearing (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), filed with this Court, and served (electronically, by hand, or by overnight mail) on counsel, at the addresses below, the following: (a) proof of current ownership of Eagle stock; (b) a written notice of the Objector's intention to appear; (c) a detailed statement of the objections to any matter before the Court; and (d) a detailed statement of all of the grounds thereon and the reasons for the Objector's desire to appear and to be heard, as well as all documents or writings which the Objector desires the Court to consider.

Carol S. Shahmoon, Esq.
Chitwood Harley Harnes LLP
1350 Broadway, Suite 908
New York, NY 10018
(917) 595-4600
cshahmoon@chitwoodlaw.com

*Attorneys for Plaintiffs Helen Metcalf, on behalf of the estate of John T. Metcalf, and Manny Doppelt, as Trustee of the Frederick Doppelt Trust*

Eric Z. Zagar, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
ezagar@ktmc.com

*Attorneys for Steven H. Chan and Harry E. Harris, Jr.*

Michael G. Bongiorno
Wilmer Cutler Pickering Hale
   and Dorr LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800
michael.bongiorno@wilmerhale.com

*Attorneys for Defendants Douglas P. Haensel, Jon Tomasson, Joseph M. Cianciolo, David B. Hiley, Thomas B. Winmill, and Forrest E. Wylie*

Bruce G. Paulsen, Esq.
Seward & Kissel LLP
One Battery Park Plaza
New York, NY
(212) 574-1533
Paulsen@sewkis.com

*Attorneys for Defendants Sophocles N. Zoullas, Alexis P. Zoullas, Alan S. Ginsberg, And Nominal Defendant Eagle Bulk Shipping Inc.*

4

7. Any person or entity who fails to object in the manner prescribed above shall be deemed to have waived such objection (including the right to appeal), unless the Court in its discretion allows such objection to be heard at the Settlement Hearing, and shall forever be barred from raising such objection in these Actions or any other action or proceeding or otherwise contesting the Stipulation, or any application for an award of attorneys' fees and expenses, and will otherwise be bound by the Judgment to be entered and the releases to be given.

8. At least 24 days prior to the Settlement Hearing, Plaintiffs' Counsel shall file with the Court a motion for final approval of the proposed settlement and supporting materials, as well as any application for an award of fees and expenses of Plaintiffs' Counsel and New York Plaintiffs' Counsel, together with supporting materials. Any objections to the requested fees or expenses shall be filed and served no later than ten (10) days prior to the Settlement Hearing.

9. At least five (5) business days prior to the Settlement Hearing, the parties may file with the Court a response brief to any objections made by an Objector pursuant to Paragraph 6, above, and plaintiffs may file and serve a brief response to any objections to the fee and expense applications.

10. In the event that the Stipulation is not approved by the Court, the proposed settlement and any actions or materials taken or filed in connection therewith shall become null and void for all purposes, and all negotiations, transactions, and proceedings connected with it: (a) shall be without prejudice to the rights of any party thereto; (b) shall not be deemed to be construed as evidence of, or an admission by any party of any fact, matter, or thing; and (c) shall not be admissible in evidence or be used for any purpose in any subsequent proceedings in these Actions or any other action or proceeding. The parties shall be deemed to have reverted to their

respective status in these Actions as of the date and time immediately prior to the execution of the Stipulation, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and any related orders had not been entered.

11. All discovery and other proceedings in these Actions (except as may be necessary to carry out the terms and conditions of the proposed settlement) are hereby stayed and suspended until further order of the Court. Except as provided in the Stipulation, pending final determination of whether the Stipulation should be approved, all parties to these Actions are hereby enjoined against instituting, commencing, prosecuting, continuing, or in any way participating in, whether directly, representatively, individually, derivatively on behalf of Eagle, or in any other capacity, any action or other proceeding asserting any Released Claims.

12. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further notice to anyone other than the parties to these Actions and any Objectors.

6/18/13

Judge Alvin K. Hellerstein